UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:12CV-P108-R

**ANDRA KILLEBREW**                                                                                         **PETITIONER**

**v.**

**ALAN BROWN**                                                                                                 **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

The petitioner, Andra Killebrew, filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. He also filed an application to proceed without prepayment of fees (DN 3), which is **GRANTED**. The petition is before the Court for review in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petition appears to be barred by the applicable statute of limitations, the Court will direct Killebrew to show cause why his petition should not be dismissed as untimely.

**I.**

In his petition, Killebrew states that he pleaded guilty and was convicted in Christian Circuit Court on April 23, 2008, of kidnapping, first-degree rape, first-degree burglary, first-degree fleeing/evading police, and of being a persistent felony offender in the second degree. He was sentenced to twenty years imprisonment. He did not file a direct appeal of his conviction.

Killebrew states that he filed a motion to vacate the judgment under Kentucky Rule of Criminal Procedure (RCr) 11.42 on November 18, 2008. It was denied on August 30, 2010. He filed a motion for a belated appeal of the denial of his RCr 11.42 motion on December 27, 2010. That motion was denied on August 11, 2011. Killebrew further states that he filed a petition for writ of prohibition on August 1, 2011, concerning his motion to file a belated appeal of the denial of his RCr 11.42 motion and that the petition was denied as moot on September 3, 2011.

**II.**

Because Killebrew's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Killebrew did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Killebrew's conviction became final on May 23, 2008, at the expiration of the thirty-day period for filing an appeal. *See* RCr 12.04.

Killebrew's RCr 11.42 motion filed on November 18, 2008, tolled the statute of limitations. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)). Killebrew's RCr 11.42 motion was denied on August 30, 2010. The denial of Killebrew's RCr 11.42 motion became final on September 29, 2012, when the time ended for him to file an appeal of the denial in the Kentucky Court of Appeals. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). At that point the statute of limitations began to run again with 179 days elapsed and 186 days remaining. The statute of limitations therefore expired under § 2244 on April 8, 2011. However, Killebrew did not file this action until July 23, 2012, more than a year and three months after the statute of limitations expired.

Killebrew's motion to file a belated appeal of the denial of his RCr 11.42 motion does not further toll the statute of limitations. An "appeal . . . not properly filed in compliance with the rules . . . could not toll the running of the statute." *See Palmer v. Lavigne*, 43 F. App'x 827, 829 (6th Cir. 2002); *see also Streu v. Dormire*, 557 F.3d 960, 966-67 (8th Cir. 2009) ("[A]n application is not 'pending' between the expiration of the time for appeal and the filing of a petition for a belated appeal."). However, even if the statute of limitations was tolled until his

motion to file a belated appeal was denied on August 11, 2011, he still waited another 347 days to file the instant § 2254 petition, and it is therefore still time-barred. Furthermore, Killebrew's motion for writ of prohibition, filed after the statute of limitations expired on April 4, 2011, likewise does not toll the statute of limitations. *See Payton v. Brigano*, 256 F.3d at 408. Therefore, the instant action is time-barred. 28 U.S.C. § 2244(d)(1) and (2).

Section 2254's one-year statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Florida,* – U.S. –, 130 S. Ct. 2549, 2562 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Killebrew's petition does not make a showing as to either element.

Accordingly, based on the foregoing, it appears that Killebrew's § 2254 petition should be dismissed as barred by the applicable one-year statute of limitations. Before dismissing the action on this ground, however, the Court will provide him with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198 (2006).

**WHEREFORE, IT IS ORDERED that within thirty (30) days from the entry of this Memorandum Opinion and Order, Killebrew must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed as barred by the applicable one-year statute**

of limitations.  Killebrew is **<u>WARNED that failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.</u>**

Date:

cc:     Petitioner, *pro se*
4413.010