UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:12CV-P108-R

ANDRA KILLEBREW                                                                        PETITIONER

v.

ALAN BROWN                                                                             RESPONDENT

## MEMORANDUM OPINION

The petitioner, Andra Killebrew, filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus.  The Court reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review, the Court directed Killebrew to show cause why his petition should not be dismissed for failure to comply with the statute of limitations.  Killebrew has now responded to the Court's Show Cause Order.  Upon review, for the reasons set forth below, the Court will dismiss the petition as untimely.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

According to his petition, Killebrew pleaded guilty and was convicted in Christian Circuit Court on April 23, 2008, of kidnapping, first-degree rape, first-degree burglary, first-degree fleeing/evading police, and of being a persistent felony offender in the second degree.  He was sentenced to twenty years imprisonment.  He did not file a direct appeal of his conviction.

Killebrew filed a motion to vacate the judgment under Kentucky Rule of Criminal Procedure (RCr) 11.42 on November 18, 2008.  It was denied on August 30, 2010.  He filed a motion for a belated appeal of the denial of his RCr 11.42 motion on December 27, 2010.  That motion was denied on August 11, 2011.  Killebrew filed a motion for discretionary review in the Kentucky Supreme Court, which was denied on February 15, 2012.  He also filed a petition for

writ of prohibition on August 1, 2011, concerning his motion to file a belated appeal of the denial of his RCr 11.42 motion, and the petition was denied as moot on September 3, 2011. Killebrew filed the instant § 2254 petition on July 23, 2012.[1]

## II. ANALYSIS

Because Killebrew filed his petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Killebrew did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Killebrew's conviction became final on May 23, 2008, at the expiration of the thirty-day period for filing an appeal. *See* RCr 12.04.

Killebrew's RCr 11.42 motion filed on November 18, 2008, tolled the statute of limitations. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)). Killebrew's RCr 11.42 motion was denied on August 30, 2010. The denial of Killebrew's RCr 11.42 motion became final on September 29, 2010, when the time ended for him to file an appeal of the denial in the Kentucky Court of Appeals. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). At that point the statute of limitations began to run again with 179 days elapsed and 186 days remaining. The statute of limitations therefore expired under § 2244 on April 4, 2011. However, Killebrew did not file this action until July 23, 2012, more than a year and three months after the statute of limitations expired.

In response to the Court's Show Cause Order, Killebrew argues that his motion for a belated appeal of his RCr 11.42 motion should further toll the statute of limitations. He contends that he filed a motion for discretionary review of the denial of his motion for a belated appeal and that the Kentucky Supreme Court denied it on February 15, 2012. He argues that the time for filing his petition should be tolled until that date. However, Killebrew's motion to file a belated appeal does not toll the statute of limitations. An "appeal . . . not properly filed in compliance with the rules . . . could not toll the running of the statute." *See Palmer v. Lavigne*, 43 F. App'x 827, 829 (6th Cir. 2002); *see also Streu v. Dormire*, 557 F.3d 960, 966-67 (8th Cir. 2009) ("[A]n application is not 'pending' between the expiration of the time for appeal and the filing of a petition for a belated appeal."). Furthermore, Killebrew's motion for writ of prohibition, filed after the statute of limitations expired on April 4, 2011, likewise does not toll the statute of limitations. *See Payton v. Brigano*, 256 F.3d at 408. Therefore, the instant action is time-barred. 28 U.S.C. § 2244(d)(1) and (2).

Section 2254's one-year statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Florida,* __ U.S. __, 130 S. Ct. 2549, 2562 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As the Sixth Circuit repeatedly has held, equitable tolling of the AEDPA should be applied "sparingly." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

In response to the Show Cause Order, Killebrew contends that he is entitled to equitable tolling on grounds that he has been diligently seeking his constitutional rights; that he is an

"unlearned/unlettered pro se litigant"; and that he has been denied counsel to assist him by the state courts.  However, ignorance of the law and lack of legal assistance do not amount to grounds for equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[I]nmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations.").  Killebrew is charged with knowledge of 28 U.S.C. § 2254 and its time limits.  *Allen*, 366 F.3d at 402-03.  Therefore, application of equitable tolling is not warranted on these grounds.

      Killebrew also states that he is actually innocent of the crimes of which he was convicted.  However, he provides no specific facts, evidence, or other support beyond this conclusory statement.  The statute of limitations in § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence.  *Schlup v. Delo*, 513 U.S. 298, 317 (1995); *see also Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).  Actual innocence means factual innocence, not mere legal insufficiency or legal innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008); *Souter*, 395 F.3d at 590.  To make out a credible claim of actual innocence, Killebrew is required to support his allegations of federal constitutional error with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324.  Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a

miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Id.* at 316; *Connolly*, 304 F. App'x at 417.

In the case at bar, Killebrew does not argue any new facts or present new reliable evidence that was not presented at trial. Therefore, he is not entitled to equitable tolling on the basis of actual innocence.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Killebrew appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* at 484. In such a case, no appeal

is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc: Petitioner, *pro se*
 Respondent
 Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.010